1  BENEDICT O'MAHONEY (Bar No.152447)
   TERRA LAW LLP
2  177 Park Avenue, Third Floor
   San Jose, California 95113
3  Telephone:  408-299-1200
   Facsimile:  408-998-4895
4  Email:  bomahoney@terralaw.com

5  JONATHAN T. SUDER (*Pro Hac Vice To Be Filed*)
   CORBY R. VOWELL (*Pro Hac Vice To Be Filed*)
6  TODD I. BLUMENFELD (*Pro Hac Vice To Be Filed*)
   FRIEDMAN, SUDER & COOKE
7  Tindall Square Warehouse No. 1
   604 East 4th Street, Suite 200
8  Fort Worth, Texas  76102
   Telephone:  (817) 334-0400
9  Facsimile:  (817) 334-0401
   Email: jts@fsclaw.com
10 Email:  vowell@fsclaw.com
   Email:  blumenfeld@fsclaw.com
11
   Attorneys for Plaintiff
12 SOFTVAULT SYSTEMS, INC.

13                **UNITED STATES DISTRICT COURT**

14                **NORTHERN DISTRICT OF CALIFORNIA**

15                        **SAN JOSE DIVISION**

| | |
|---|---|
| 16  SOFTVAULT SYSTEMS, INC. | CASE NO. |
| 17           Plaintiff, | |
| 18           vs. | **COMPLAINT FOR INFRINGEMENT OF** |
| 19  PTC, INC., | **U.S. PATENT NOS. 6,249,868 AND 6,594,765** |
| 20           Defendant. | |
| 21  | **JURY TRIAL DEMANDED** |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SOFTVAULT SYSTEMS, INC. files its Complaint against Defendant PTC CORPORATION, alleging as follows:

### THE PARTIES

1. Plaintiff SOFTVAULT SYSTEMS, INC. ("SOFTVAULT") is a corporation organized and existing under the laws of the State of Washington with its principle place of business in the State of Washington.

2. Upon information and belief, PTC, INC. ("Defendant" or "PTC") is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in Needham, MA. Defendant may be served with process through its registered agent CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

### JURISDICTION AND VENUE

3. This is an action for infringement of United States patents. This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

4. Upon information and belief, PTC is subject to personal jurisdiction by this Court. PTC has committed such purposeful acts and/or transactions in the State of California that it reasonably knew and/or expected that it could be hailed into a California court as a future consequence of such activity. PTC makes, uses, and/or sells infringing products within the Northern District of California and has a continuing presence and the requisite minimum contacts with the Northern District of California, such that this venue is a fair and reasonable one. Upon information and belief, PTC has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the Northern District of California. For all of these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), (2) and (c)(2) and 28 U.S.C. § 1400(b).

### PATENTS-IN-SUIT

5. On June 19, 2001, United States Patent No. 6,249,868 BI ("the '868 Patent") was duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED, COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX

1  SYSTEMS." A true and correct copy of the '868 Patent is attached hereto as Exhibit A and
2  made a part hereof.

3      6. On July 15, 2003, United States Patent No. 6,594,765 B2 ("the '765 Patent" was
4  duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED,
5  COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX
6  SYSTEMS." A true and correct copy of the '765 Patent is attached hereto as Exhibit B and
7  made a part hereof.

8      7. The '868 Patent and the '765 Patent are sometimes referred to herein collectively
9  as "the Patents-in-Suit."

10      8. As it pertains to this lawsuit, the Patents-in-Suit, very generally speaking, relate to
11  a method and system of protecting electronic, mechanical, and electromechanical devices and
12  systems, such as for example a computer system, and their components and software from
13  unauthorized use. Specifically, certain claims of the '868 and '765 Patents disclose the
14  utilization of embedded agents within system components to allow for the enablement or
15  disablement of the system component in which the agent is embedded. The invention disclosed
16  in the Patents-in-Suit discloses a server that communicates with the embedded agent through the
17  use of one or more handshake operations to authorize the embedded agent. When the embedded
18  agent is authorized by the server, it enables the device or component, and when not authorized
19  the embedded agent disables the device or component.

## **FIRST CLAIM FOR RELIEF**

**(Patent Infringement)**

22      9. SoftVault repeats and realleges every allegation set forth above.

23      10. SoftVault is the owner of the Patents-in-Suit with the exclusive right to enforce
24  the Patents-in-Suit against infringers, and collect damages for all relevant times, including the
25  right to prosecute this action.

26      11. Upon information and belief, PTC is liable under 35 U.S.C. §271(a) for direct
27  infringement of the Patents-in-Suit because it manufactures, makes, has made, uses, practices,

28

COMPLAINT FOR PATENT INFRINGEMENT

1  imports, provides, supplies, distributes, sells, and/or offers for sale products and/or systems that
2  practice one or more claims of the Patents-in-Suit.

3      12.    More specifically, PTC infringes the Patents-in-Suit because it manufactures,
4  makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for
5  sale products and systems which prevent unauthorized use of a computer system through the
6  ability to enable or disable the operation of a device's components through an authorization
7  process performed by an embedded agent in the application software and a server.

8      13.    All PTC products which include its product activation features have, at a
9  minimum, in the past directly infringed and continue to directly infringe at least Claims 19 and
10 44 of the '868 Patent, as well as at least Claim 11 of the '765 Patent.  These infringing products
11 include, but are not limited to, MKS Toolkit, X/Server, and Creo Elements / Direct Modeling.

12     14.    PTC includes the product activation features in its software applications to
13 enforce licensing policies and ensure that only authorized copies of PTC software may be
14 installed and used on a computer. The product activation feature requires that a portion of the
15 code in the installed PTC application communicate with a PTC license server over the Internet to
16 activate (or enable) the application. Upon installation of a PTC application, the product
17 activation feature prompts a user to activate the application by entering in a product key.  The
18 license server exchanges messages constituting a handshake operation with the product
19 activation code in the application to determine whether the license for the application is valid.
20 When the product activation code is authorized by the license server, it enables the application in
21 which it is embedded to operate normally.  When the product activation code is not authorized
22 by the license server, the application is disabled.

23     15.    PTC has actual notice of the Patents-in-Suit at least as early as the filing of this
24 Complaint.

25     16.    SoftVault has been damaged as a result of PTC's infringing conduct. PTC is,
26 thus, liable to SoftVault in an amount that adequately compensates SoftVault for PTC's
27 infringement, which, by law, cannot be less than a reasonable royalty, together with interest and
28 costs as fixed by this Court under 35 U.S.C. § 284.

COMPLAINT FOR PATENT INFRINGEMENT

**PRAYER FOR RELIEF**

SoftVault requests that the Court find in its favor and against PTC, and that the Court grant SoftVault the following relief:

a. Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by PTC;

b. Judgment that PTC account for and pay to SoftVault all damages to and costs incurred by SoftVault because of PTC's infringing activities and other conduct complained of herein;

c. That PTC, its officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the Patents-in-Suit.  In the alternative, if the Court finds that an injunction is not warranted, SoftVault requests an award of post judgment royalty to compensate for future infringement;

e. That SoftVault be granted pre-judgment and post-judgment interest on the damages caused to it by reason of PTC's infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award SoftVault its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

g. That SoftVault be granted such other and further relief as the Court may deem just and proper under the circumstances.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

/
/
/
/
/

COMPLAINT FOR PATENT INFRINGEMENT

DATED: July 16, 2014.

/s/ Benedict O'Mahoney

Benedict O'Mahoney
(Bar No.152447)
TERRA LAW
177 Park Avenue, Third Floor
San Jose, California 95113
Telephone: 408-299-1200
Facsimile: 408-998-4895
Email: bomahoney@terralaw.com

Attorney for Plaintiff
SOFTVAULT SYSTEMS, INC.

Of Counsel:

Jonathan T. Suder
Corby R. Vowell
Todd Blumenfeld
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone: (817) 334-0400
Facsimile: (817) 334-0401
Email: jts@fsclaw.com
Email: vowell@fsclaw.com
Email: blumenfeld@fsclaw.com

4850-7389-6732, v. 1

COMPLAINT FOR PATENT INFRINGEMENT